BARNES-KING DEVELOPMENT COMPANY, a dissolved Corporation,, Alex Stephenson, State Treasurer of the State of Montana, Plaintiff and Appellant, v. R. D. CORETTE, Jr., Trustee of the Creditors and Stockholders of Barnes-King Development Company, a dissolved corporation, Defendant and Respondent.

No. 11857.
Submitted Sept. 10, 1970.
Decided Dec. 17, 1970.
Rehearing Denied Jan. 7, 1971.
478 P.2d 868.

Robert L. Woodahl, Atty. Gen., Helena, Charles Lovell, Sp. Asst. Atty Gen., argued, Great Falls, William N. Snell, Asst. Atty., argued, Helena, for plaintiff-appellant.

Corette, Smith & Dean, Butte, Sam Chase, argued, Butte, for defendant-respondent.

J. J. Burke, Jr., argued, Butte, for amicus curiae.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

An appeal from a dismissal with prejudice of two causes of action filed by the appellant state treasurer against the respondent, a trustee of a dissolved corporation.

The consolidated cases appeared in this Court on an agreed statement of facts. Barnes-King Development Company, a Montana corporation, was voluntarily dissolved by order of court on December 16, 1925. On December 20, 1968, some 43 years later, the respondent trustee filed a petition for distribution of the Barnes-King assets. This petition showed that in

1968 there were assets amounting to $42,844.34 in the hands of the respondent trustee. Two hearings were held, one on November 18, 1969, and one on January 19, 1970, to consider appellant's demand on the respondent trustee for the delivery of some or all of the assets of Barnes-King in accord with the provisions of Title 67, Chapter 22, R.C.M.1947, Disposition of Unclaimed Property. Respondent refused delivery of the funds alleging that section 67-2206, R.C.M.1947 (Property of business associations and banking or financial organizations held in course of dissolution) was controlling, therefore, the assets were not abandoned property and thus subject to escheatment to the state, until two years after final distribution.

At the time of the dissolution in 1925, there were 400,000 shares of stock outstanding. The trial court found in its decree of distribution in February 1970, that claims had been made to 185,860 shares. The effect of the order of distribution divides the assets, $42,844.34, among the 185,860 shares making claims. Appellant contends that the 214,140 unclaimed shares are abandoned and the distribution of these shares should be forwarded to the state treasurer.

In an order, judgment and decree dated January 26, 1970, the district court held that none of the assets in the hands of the trustee were deemed abandoned under the applicable Montana statutes and the petition of the state treasurer was denied in toto.

On February 6, 1970, a decree of distribution was entered by the district court that stated the state treasurer had failed to establish any right, title or interest in any of the assets of Barnes-King. The court ordered that respondent trustee distribute the assets available for distribution pro rata to the 185,860 shareholders who had established claims. From this order the state treasurer appeals.

In addition to the above distribution proceedings, the appellant state treasurer in a complaint entitled Stephenson v. Corette, cause No. 56248, alleged that some or all of the

assets of Barnes-King in the hands of the trustee were presumed abandoned. The defendant trustee filed a motion to dismiss. On December 22, 1969, the motion to dismiss was granted with prejudice and the state treasurer appealed. These two appeals, by order of this Court, were consolidated in this appeal. The issues for review are as follows:

1. Whether, under section 2, Article XI, Montana Constitution and one or more of the following provisions of the Uniform Disposition of Unclaimed Property Act, sections 67-2205, 67-2206, or 67-2207, R.C.M.1947, the assets of Barnes-King attributable to unclaimed shares and dividends are presumed abandoned.

2. Whether declared but unpaid dividends held by a dissolved corporation for 30 years or more are presumed abandoned under sections 67-2205 and 67-2206, R.C.M.1947.

3. Whether the state of Montana is entitled to the unknown stockholders' pro rata share of the assets of Barnes-King, a corporation that was dissolved in 1925 and seeks to distribute its assets pursuant to a court order dated January 26, 1970.

These issues present us with an opportunity to interpret our recently enacted Uniform Disposition of Unclaimed Property Act, Title 67, Chapter 22, R.C.M.1947.

For our purposes in deciding the issue of abandonment of the property by the shareholders, the controlling statute is section 67-2206, R.C.M.1947. This statute reads as follows:

*"Property of business associations and banking or financial organizations held in course of dissolution.* All intangible personal property distributable in the course of a voluntary dissolution of a business association, banking organization, or financial organization organized under the laws of or created in this state, that is unclaimed by the owner within two (2) years after the date for final distribution, is presumed abandoned."

Appellant argues that consideration should also be given to sections 67-2205 and 67-2207, R.C.M.1947, but neither is

applicable. Only section 67-2206, R.C.M.1947, expressly concerns itself to corporations undergoing voluntary dissolution.

Appellant contends that having established the controlling statutory authority, we must consider it in the light of the provisions of Article XI, Sec. 2, of the Montana Constitution, which reads:

"Sec. 2. The public school fund of the state shall consist of the proceeds of such lands as have heretofore been granted, or may hereafter be granted, to the state by the general government known as school lands; and those granted in lieu of such; lands acquired by gift or grant from any person or corporation under any law or grant of the general government; and of all other grants of land or money made to the state from the general government for general educational purposes, or where no other special purpose is indicated in such grant; all estates, or distributive shares of estates that may escheat to the state; all unclaimed shares and dividends of any corporation incorporated under the laws of the state, and all other grants, gifts, devises or bequests made to the state for general educational purposes."

Acknowledging the fact that Montana, unlike some states, has no statutory language defining "unclaimed", for the purpose of this opinion we find that "unclaimed" shares are those shares of stock to which no legal right has been established. Specifically those 214,140 shares to which no claim was made at the time of the hearings to establish ownership.

Too, strictly construing section 67-2206, R.C.M.1947, the section deals with "abandoned" property and when it is deemed abandoned. There can be no presumption of abandonment under section 67-2206 until two years after the date for final distribution. Therefore at this point of the proceedings, the order for distribution, none of the property was abandoned and the appellant state treasurer has no claim.

Finding no abandonment, we are next confronted with

whether or not all the assets are to be distributed pro rata to the known shareholders as directed by the trial court in its order of distribution. Both respondent and appellant rely on section 15-1102, R.C.M.1947, as to the distribution of corporate assets of a dissolved corporation. However, they disagree as to its interpretation. The portion of section 15-1102 pertinent to our consideration reads as follows:

"(2) * * * and that the money or property of such corporation subject to distribution shall be distributed pro rata to those persons who shall, upon the hearing of such petition for distribution, establish their ownership of capital stock of such corporation, according to their respective stock ownerships, as so established in such proceeding."

The preceding quoted section was in effect at the time of the dissolution of Barnes-King (1925), and at the time the petition for distribution was filed, but has since been repealed and replaced by the Montana Business Corporation Act.

Having previously found section 67-2206, R.C.M.1947, to be controlling, if we found that section 15-1102, R.C.M.1947, provided for total distribution of all known assets it would make section 67-2206 ineffective as to unclaimed property because there could never be any property unclaimed by the owner two years after final distribution. Therefore upon pro rata dissolution of a corporation, the known shareholders are allowed to share only their proportionate share of the total assets. The shares of the "unknown shareholders" become unclaimed and remain so for two years after the final order of distribution when, as provided by statute (section 67-2206), they become abandoned.

Upon the dissolution of a corporation the interests of each shareholder become a vested equitable right to a pro rata share of the assets. This equitable right is in the nature of a cestui que trust. The money is to be set aside and held two years after decree of distribution for those who have not made claims, until it escheats to the state. Several juris-

dictions have adopted this principle, some after having adopted the Uniform Disposition of Unclaimed Property Act. State by Parsons v. Fidelity Union Trust Co., 25 N.J. 387, 136 A.2d 636; In re Hull Copper Co., 46 Ariz. 270, 50 P.2d 560, 101 A.L.R. 664 (Annot. 670 (1936)) and cases cited therein.

The next issue is directed to the dividends declared but unpaid for some 30 years. The record indicates that a reserve was set up amounting to $9,780.04 to pay unclaimed dividends previously declared in 1925 and in 1940. As previously declared in the second issue, we hold section 67-2206, R.C.M.1947, controlling and that Barnes-King shareholders are entitled only to their pro rata share of the dividends and the unclaimed portion of the dividends are to be held by appellant state treasurer for those who have not made claims for a period of two years, after which it escheats to the state.

The decree of the district court in the distribution proceedings shall be amended to provide as follows:

1. That the assets available for distribution shall be distributed by the trustee as follows:

a. To the persons and entities whose claims are allowed by the court, pro rata, each to be paid that proportion of the assets available for distribution which the number of shares bears to the total;

b. To the state treasurer of the state of Montana, pro rata, two years after the filing of the decree of distribution, the unclaimed shares, each share to be paid that proportion of the assets available for distribution which the number of shares bears to the total.

Thereafter the court decree is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL and DALY, concur.

MR. JUSTICE CASTLES (concurring):

I concur in the result, although I have some difficulty in following the rationale of the opinion.